ORIGINAL

REISSUED FOR PUBLICATION

JAN 3 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1046V
Filed: November 28, 2016
**(Not for publication)**

FILED

NOV 2 8 2016

U.S. COURT OF

* * * * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| APRISES PHILLIPS and, | * |
| IVAN PHILLIPS, SR., parents | * |
| of Ivan Phillips, *a minor*, | * |
|  | * |
| Petitioners, | * |
| v. | * |
|  | * |
| SECRETARY OF HEALTH AND | * |
| HUMAN SERVICES, | * |
|  | * |
| Respondent. | * |

Decision to Dismiss;
Statute of Limitations;
Untimely Filed

* * * * * * * * * * * * * * * * * * * * * * * *

*Aprises Phillips and Ivan Phillips, Sr., Chelsea, AL, pro se Petitioners.*
*Ryan Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION

**HASTINGS,** *Special Master.*

This is an action seeking an award under the National Vaccine Injury
Compensation Program (hereinafter the "Program"-- *see* 42 U.S.C. § 300aa-10 *et seq.*[1]).
For the reasons stated below, I conclude that the Petition must be dismissed because the
Petition was not timely filed.

---

[1]     The applicable statutory provisions defining the Program are found at 42 U.S.C. §
300aa-10 *et seq*. (2012 ed.).  Hereinafter, for ease of citation, all "§" references will be to
42 U.S.C. (2012 ed.).  I will also sometimes refer to the statutory provisions defining the
Program as the "Vaccine Act."

# I

## APPLICABLE STATUTORY PROVISION

The statutory deadlines for filing Program petitions are provided at § 300aa-16. With respect to vaccinations administered after October 1, 1988, as were the vaccines at issue here, § 300aa-16(a)(2) provides that a Program petition must be filed within 36 months of the onset of the first symptom of the injury alleged to have been vaccine-caused.[2]

# II

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On August 23, 2016, Aprises Phillips and Ivan Phillips, Sr. ("Petitioners"), acting *pro se*, filed a Petition alleging that their son, Ivan Phillips, was injured by a vaccine or vaccines listed on the Vaccine Injury Table. *See* § 14. The Petition stated that Ivan's "corresponding records" would be filed to support the claim (Petition, p. 2); however, no medical records have been filed.

Ivan Phillips was born on February 19, 2007. (Petition, p. 2.)  Petitioners claim that after receiving several vaccinations on August 25, 2008, including the MMR (measles-mumps-rubella) vaccination, Ivan became ill and stopped developing normally in some ways. (*Id.*, p. 1.)  The Petition also claims that on December 31, 2008, Ivan received a second MMR vaccination, "which caused him to get sick again," and his developmental problems increased. (*Id.*)  Based on these allegations, Petitioners argue that they are eligible for compensation "under the Vaccine Injury Compensation Program, for injuries, including encephalopathy, resulting from adverse effects of vaccinations." (*Id.*)  The effects of the alleged encephalopathy "include problems with fine and gross motor skills/functioning, behavior (psychological), and learning (cognitive)", as well as "recurrent infections." (*Id.*)  Petitioners contend that Ivan's adverse symptoms resemble autism, and persisted for more than six months. (*Id.*, p. 2.)

Petitioners state that the treating pediatrician, Dr. James Womack,[3] informed them that "the MMR vaccine couldn't have caused the problems listed above, nor autism like

---

[2]     *See* § 300aa-16(a)(2)("In the case of * * * a vaccine set forth in the Vaccine Injury Table which is administered after October 1, 1988, if a vaccine-related injury occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury.").

[3]     Subsequently, Petitioners, in their document filed on September 29, 2016, stated that the doctor's name is Wamack, not Womack.

behavior." (Petition, p. 2.) Further, the Petition states that "[f]or a long time we were led to believe that the MMR vaccinations weren't the cause for [Ivan's] injuries." (*Id.*) Petitioners assert that as a result of these assurances, they did not file their Petition until years later, when they were "surprised to find out" that compensation might be available to them under the Vaccine Act.[4] (*Id.*) For this reason, and other delays related to obtaining medical records and scheduling medical appointments, the Petition was not filed until August 23, 2016. (*Id.*)

After reviewing the Petition, I filed an Order requiring Petitioners to show cause why their Petition should not be dismissed as untimely filed. (Order to Show Cause, filed Aug. 30, 2016.) Thus, Petitioners were directed to provide information or an explanation, on or before September 29, 2016, demonstrating that their Petition was filed within the time period allowed by the Vaccine Act. (*Id.*, p. 3.)

On September 29, 2016, Petitioners filed a statement in response to my Order to Show Cause. (*See* Pet. Response, ECF No. 5, Sept. 29, 2016.)

## III

## DISCUSSION

Petitioners contend that because Ivan received an MMR vaccination and other vaccinations on August 25, 2008, "he got sick and stopped developing normally in some areas." (Petition, p. 1.) They allege that Ivan "stopped eating and talking" after these vaccinations. (*Id.*, p. 2.) Petitioners also claim that the MMR vaccination that Ivan received on December 31, 2008, "caused him to get sick again, and he stopped developing normally in other areas." (*Id.*, p.1.) They allege that Ivan "showed regression after both rounds of vaccinations." (*Id.*)

In a later filing, Petitioners discuss medical records that allegedly document another episode when Ivan exhibited "measles symptoms that he was having on 5/13/10 as well as autism vs. speech delay." (Pet. Response, ECF No. 5, Sept. 29, 2016.) Petitioners also allege that Dr. Anne Stafford of Midtown Pediatrics in Birmingham, Alabama, examined Ivan on May 24, 2010, documented his measles symptoms, and

---

[4]     This Decision concerns the issue of whether or not the Petition was *timely filed*. However, it should be noted that there have been many decisions that *reject* the claim that the MMR vaccination can cause autism spectrum disorders or developmental delay. *See, e.g., Cedillo v. HHS*, No. 98-916V, 2009 WL 331968 (Fed. Cl. Spec. Mstr. Feb. 12, 2009) *aff'd*, 89 Fed. Cl. 158 (2009), *aff'd*, 617 F.3d 1328 (Fed. Cir. 2010); *Hazlehurst v. HHS*, No. 03-654V, 2009 WL 332306 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 88 Fed. Cl. 473 (2009), *aff'd*, 604 F.3d 1343 (Fed. Cir. 2010); *Snyder v. HHS*, No. 01-162V, 2009 WL 332044 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 88 Fed. Cl. 706 (2009). Therefore, even if the statute of limitations did not require dismissal of this case, it is extremely unlikely that Petitioners would be entitled to receive compensation under the Vaccine Act.

referred him to Children's Medical Autism Clinic for an evaluation.[5] (*Id.*)  Thus, according to Petitioners' own representations, all of Ivan's symptoms, which Petitioners allege were caused by vaccines, first became apparent during the years 2008 to 2010.

The Vaccine Act, at § 300aa-16(a)(2), requires that a Program petition with respect to a vaccination that was administered after October 1, 1988, must be filed within 36 months after the occurrence of the first symptom of the alleged injury.  However, the Petition under consideration here was filed on August 23, 2016, more than *seven years* after the first appearance of Ivan's symptoms, in 2008.  Therefore, under a straightforward application of § 300aa-16(a)(2), this petition is clearly time-barred.

The Petition acknowledges that Ivan's symptoms appeared more than 36 months before the Petition was filed, but requests that I "extend the deadline for filing this case." (Petition, p. 2.)  Further, Petitioners' Response to the "show cause order" argues that they were unable to file their Petition earlier because they "had no idea that the National Vaccine Injury Compensation Program existed." (Pet. Response, ECF No. 5, Sept. 29, 2016.)

The "extension" of the filing deadline that Petitioners desire could be considered a request for "equitable tolling" of the Vaccine Act's statute of limitations.  Such tolling, however, is allowed only in very limited circumstances. *Cloer v. HHS*, 654 F.3d 1322, 1344 (Fed. Cir. 2011).  In *Cloer*, the U.S. Court of Appeals for the Federal Circuit affirmed that the statute of limitations begins to run on the "date of occurrence of the first symptom or manifestation of onset of the vaccine-related injury." *Id.* at 1325. This date is dependent on when the first sign or symptom of injury *appears*, not when a petitioner *discovers* (or suspects) a causal relationship between the vaccine and the injury. *Id.* at 1339.  Nor is the filing deadline contingent on when a Petitioner becomes aware of the existence of the Vaccine Program.

The *Cloer* opinion also states that equitable tolling of the statute of limitations may possibly occur, but only in "extraordinary circumstances," such as when a petitioner files a timely but defective pleading, or is the victim of fraud or duress. *Id.* at 1344-45 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Equitable tolling may *not* apply simply because the petitioner was unaware of a possible causal link between the vaccination and the vaccinee's injury.

Petitioners' Response to the "show cause order" filed on August 30, 2016, does not include any information demonstrating that their Petition was timely filed, nor does it offer any explanation that would suggest that equitable tolling is appropriate in this case. (*See* Pet. Response, ECF No. 5, Sept. 29, 2016.)

---

[5]      As noted previously, the medical records of Dr. Wamack, Dr. Stafford, and others, which have been cited by Petitioners, have not been filed.

Accordingly, I conclude that Petitioners have failed to satisfy the requirements of 42 U.S.C. § 300aa-16(a)(2), and therefore the Petition must be dismissed as untimely filed.

## III

## CONCLUSION

It is, of course, very unfortunate that Ivan suffers from a debilitating chronic condition. He is certainly deserving of sympathy for that condition. As the above discussion indicates, however, I have no choice but to conclude that this petition must be dismissed, because it was not timely filed. Absent a timely motion for review of this Decision, the Clerk of this Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

George L. Hastings, Jr.
Special Master